Filed 1/28/26  P. v. Dearing CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>MICHAEL DEARING,<br><br>    Defendant and Appellant. | F089368<br><br>(Super. Ct. No. VCF034725)<br><br><br>**OPINION** |

### THE COURT[*]

APPEAL from an order of the Superior Court of Tulare County.  Melinda Myrle Reed, Judge.

Douglas C. Foster, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]    Before Hill, P. J., Franson, J. and Harrell, J.

## INTRODUCTION

In 1998, appellant and defendant Michael Dearing (appellant) pleaded no contest to 39 felonies and additional offenses and enhancements for sexually molesting a minor. He was sentenced to 82 years plus 15 years to life.

In 2024, appellant filed a request for resentencing pursuant to Penal Code[1] section 172.1. The trial court summarily denied the petition.

On appeal, appellate counsel filed a brief that summarized the facts with citations to the record, raised no issues, and asked this court to independently review the record pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216. After appropriate notice, appellant did not file a supplemental brief on his own behalf. As we explain, this appeal is dismissed.

## PROCEDURAL BACKGROUND

On September 11, 1997, an information was filed in the Superior Court of Tulare County charging appellant with 47 counts based on committing multiple acts of sexual molestation against two minors in 1996 and 1997.

On April 29, 1998, on the scheduled first day of his jury trial, appellant pleaded no contest to 45 counts based on the sexual molestation of one minor as follows: 18 counts of committing a lewd act on a child (§ 288, subd. (a)), with enhancements attached to 16 counts that the victim was under the age of 14 years and appellant engaged in substantial sexual conduct (§ 1203.066, subd. (a)(8)), and an enhancement to one count that appellant inflicted great bodily injury (§ 667.61, subd. (e)(7)); 21 counts of penetration by a foreign object (§ 289, subd. (j)), with enhancements attached to three counts that the victim was under the age of 14 years and appellant engaged in substantial sexual conduct (§ 1203.066, subd. (a)(8)); and six misdemeanor counts of

---

[1] All further citations are to the Penal Code.

sexual exploitation of a child (§ 311.3). The trial court granted the People's motion to dismiss two counts that were based on the second minor.

On June 4, 1998, the trial court sentenced appellant to an aggregate term of 82 years plus 15 years to life.

On December 24, 2024, appellant filed, in propria persona, a "request" with the trial court to resentence him pursuant to Assembly Bill No. 600 (2023–2024 Reg. Sess.) (Assembly Bill 600) and section 1172.1, and that the provisions of Senate Bill No. 567 (2021–2022 Reg. Sess.) (Senate Bill 567) required the court to only impose midterms for his convictions. Appellant asserted he should be resentenced to time served and released on parole to transitional housing.

On January 17, 2025, the trial court filed an order stating that it would not respond to appellant's request for resentencing because "[a] defendant is not entitled to file a petition for relief under this section and the court is not required to respond," citing section 1172.1, subdivision (c).

On February 18, 2025, appellant filed a notice of appeal.

## DISCUSSION

### I. Section 1172.1

Appellant's petition asserted the trial court purportedly had jurisdiction to resentence him pursuant to section 1172.1 and Assembly Bill 600.

"A trial court generally loses resentencing jurisdiction once execution of the sentence has begun. [Citation.] Because of this 'rule precluding postjudgment motions,' a trial court generally lacks jurisdiction to hear one unless 'the Legislature has expressly authorized' the motion." (*People v. Faustinos* (2025) 109 Cal.App.5th 687, 694 (*Faustinos*).)

"Before 2022, [former] section 1170, subdivision (d), allowed a court to recall a sentence and resentence the defendant at any time upon a request from the Secretary of California's Department of Corrections and Rehabilitation [CDCR] or certain other

3.

government officials." (*Faustinos*, *supra*, 109 Cal.App.5th at p. 694.)  "Assembly Bill No. 1540 (2021–2022 Reg Sess.) … came into effect on January 1, 2022, and moved the recall and resentencing provisions of former section 1170[, subdivision] (d)(1) to … section 1170.03."  (*People v. McMurray* (2022) 76 Cal.App.5th 1035, 1038.)  Effective June 30, 2022, the Legislature renumbered section 1170.03 to section 1172.1, and made no further substantive changes.  (*People v. Braggs* (2022) 85 Cal.App.5th 809, 818.)

"Effective January 1, 2024, Assembly Bill 600 amended section 1172.1 to expand a trial court's authority to recall and resentence on its own motion.  [Citations.]  Now, a court may recall a sentence and resentence a defendant on its own motion 'at any time if the applicable sentencing laws at the time of original sentencing are subsequently changed by new statutory authority or case law.' "  (*People v. Brinson* (2025) 112 Cal.App.5th 1040, 1046.)

"Section 1172.1[, subdivision (c)] expressly denies defendants the right to file a petition for resentencing under that section, and expressly excuses the trial court from acting on any such request that a defendant might nevertheless file.…  'A defendant is not entitled to file a petition seeking relief from the court under this section.  If a defendant requests consideration for relief under this section, the court is not required to respond.'  (§ 1172.1, subd. (c).)"  (*People v. Hodge* (2024) 107 Cal.App.5th 985, 993.)  A defendant-initiated petition "is best viewed as merely inviting the court to consider whether it wishes to exercise its discretion under section 1172.1."  (*People v. Roy* (2025) 110 Cal.App.5th 991, 999.)

"[A] trial court's decision not to act on a defendant's section 1172.1 request for recall and resentencing does not affect [the defendant's] substantial rights and is therefore not appealable under section 1237, subdivision (b)."  (*People v. Brinson*, *supra*, 112 Cal.App.5th at p. 1047.)  Such an appeal will be dismissed.  (*People v. Roy*, *supra*, 110 Cal.App.5th at p. 1001.)

Appellant's reliance on section 1172.1 is meritless because neither CDCR nor a statutorily enumerated government official referred him for recall and resentencing. The trial court did not recall appellant's sentence on its own motion, it declined to treat appellant's petition as an invitation to do so, and it summarily denied the petition pursuant to section 1172.1, subdivision (c).

Appellant's reliance on Senate Bill 567 does not transform the trial court's summary denial into an appealable order. Effective January 1, 2022, Senate Bill 567's amendments to section 1170 makes " 'the middle term the presumptive sentence' unless aggravating circumstances admitted or proved beyond a reasonable doubt justify the upper term." (*People v. Fox* (2023) 90 Cal.App.5th 826, 830–831.) These provisions are retroactive to all cases that were pending on appeal and not yet final when the amendments became effective, and are not applicable to final judgments. (*People v. Flores* (2022) 73 Cal.App.5th 1032, 1039; *Fox*, at p. 831.) The judgment in appellant's case has long been final and the trial court did not recall his sentence.

"[T]he trial court's order declining to act on the petition is not an appealable order. Because we lack jurisdiction to consider his appeal, we dismiss." (*Faustinos*, *supra*, 109 Cal.App.5th at p. 692.)

## DISPOSITION

The appeal is dismissed.